IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUEDA GALVAN, SOPHIA ARCE, a minor<br><br>            Plaintiffs,<br><br>    v.<br><br>REBECCA J. BROCK, M.D., DOCTORS MEDICAL CENTER OF MODESTO ADVANCED IMAGING CENTER, GOLDEN VALLEY HEALTH CENTER, DOES 1 to 50<br><br>            Defendants. | 1:11-CV-02079 AWI MJS<br><br>ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS<br><br>(Doc. No. 23) |

**BACKGROUND**

This action arises from an alleged wrongful birth occurring on September 29, 2010, at the Doctors Medical Center-Modesto facility in Modesto, California. Plaintiffs Agueda Galvan ("Galvan") and her minor daughter, Sophia Arce ("Arce"), originally brought claims for professional negligence against defendants Rebecca J. Brock, M.D. ("Dr. Brock"), Doctors Medical Center of Modesto Advanced Imaging Center, Golden Valley Health Center ("Golden Valley"), and Does 1 to 50 (collectively, "Defendants"). On May 8, 2012, the parties stipulated to the substitution of the United States as a defendant in place of defendants Rebecca J. Brock,

M.D. and Golden Valley Health Center.[1]  *See* Court's Docket, Doc. No. 16.  On June 11, 2012, the government filed the instant motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  *Id.*, Doc. No. 23.  Plaintiffs filed an opposition, and the government has filed a reply.  *Id.*, Doc. Nos. 24, 26.  For the reasons stated herein, the government's motion shall be granted.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction.  It is a fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the

---

[1] Golden Valley is a federally-funded healthcare facility, a grantee of the United States Department of Human Services, and is therefore covered under the Federal Tort Claims Act ("FTCA") by operation of the Federally Supported Health Centers Assistance Act.  The FTCA provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(1).

2

face of the pleading itself. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979).

Rule 12(b)(1) attacks on jurisdiction can be factual, permitting the court to look beyond the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039; *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air*, 373 F.3d at 1039. "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publishing*, 594 F.2d at 733. However, in the absence of a full-fledged evidentiary hearing, disputed facts should be resolved in favor of the non-moving party. *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996); *Greene v. United States*, 207 F.Supp.2d 1113, 1119 (E.D.Cal. 2002).

**FACTS**

Plaintiff Arce was delivered on September 29, 2010, by Dr. Brock at Defendant Doctors Medical Center. Plaintiffs allege Defendants committed professional negligence causing Galvan to be induced into premature labor resulting in birth injuries to Arce and reproductive system injuries to Galvan. Plaintiffs contend they delivered a pre-litigation notice of intent to sue letter to the United States Department of Health and Human Services ("HHS") on May 18, 2011. *See*

Court's Docket, Doc. No. 25 at ¶ 2, Ex. A.  On May 24, 2011, HHS received an administrative claim from counsel for Galvan alleging negligent examination, treatment, and diagnosis of Galvan leading to the premature birth of her daughter, Arce.  *See* Court's Docket, Doc. No. 23-3, Ex. A.  On June 6, 2011, HHS received a claim filed by counsel for Galvan on behalf of Arce claiming a premature birth with complications. *See id.*, Doc. No. 23-3, Ex. B.  On June 10, 2011, Plaintiffs' counsel received a letter from HHS requesting further information in support of the claim forms delivered on May 18, 2011.  *See id.* Doc. No. 25 at ¶ 25, Ex. B.  On June 24, 2011, Plaintiffs' counsel responded to the agency's letter with evidence in support of Plaintiffs' claims, as requested.  As of June 20, 2012, Plaintiffs' counsel has received no further correspondence or response from HHS regarding Planitiffs' claims.

On September 13, 2011, Plaintiffs filed a lawsuit in Stanislaus County Superior Court against, among others, Golden Valley and Dr. Brock for alleged medical malpractice.  On December 16, 2011, Golden Valley and Dr. Brock removed the action to this court pursuant to the FTCA.  *See id.*, Doc. No. 1.  The United States simultaneously filed a notice of substitution, and then filed an answer on December 22, 2011. *See id.*, Doc. No. 5.  The United States now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## DISCUSSION

The government argues that Plaintiffs' tort claims must be dismissed for failure to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA").  The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992).  Claims of medical malpractice against federally-funded health care facilities and their employees acting in the scope of their employment must be pursued against the United States under the FTCA.  *See* 42 U.S.C. § 233(g).  The FTCA "provides that 'an action shall not be instituted upon a claim against United States for money damages' unless the claimant has first

4

exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). A claimant has six months from the denial of their claim by the administrative agency to file an action in federal court, or, if the agency fails to make a final disposition, six months from the time the claim is filed. *See* 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b). The requirement of administrative exhaustion is jurisdictional and cannot be waived. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); Caldwater *Jerves*, 966 F.2d at 519.

In this case, the government contends the court has no jurisdiction because Plaintiffs failed to wait six months after submitting their administrative tort claim to HHS to file suit against Golden Valley and Dr. Brock. Galvan's administrative claims on behalf of herself and Arce were received by the HHS claims office on May 24, 2011, and June 6, 2011, respectively. Plaintiffs filed the instant suit on September 13, 2011, less than four months after submitting the administrative claims. The government alleges that as of November 18, 2011, six months after Plaintiffs first notified HHS of their administrative claims, no final determination had been made.[2] In *McNeil v. United States*, the Supreme Court reasoned that "[t]he most natural reading of [28 U.S.C. § 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Even premature filing of an action under the FTCA imposes some burden on the judicial system, and on the Department of Justice which must assume the defense of such actions." 508 U.S. at 112. Thus, the Supreme Court held that courts lack subject matter jurisdiction and must dismiss FTCA actions which are instituted before the administrative exhaustion occurs, even in cases where no substantial progress has taken place in the litigation before the administrative claim is denied. *Id.* The

---

[2] It is unclear whether the filing or receipt date starts the six-month clock for an administrative claim. For instance, if Plaintiff Arce's HHS claim was deemed filed on June 6, 2011, when it was received by the HHS claims office, the United States had until December 6, 2011, to accept or deny her claim. In any event, it is undisputed that Plaintiffs filed the instant suit on September 13, 2011, before any conceivable six-month period had expired.

government therefore argues that this court lacks subject matter jurisdiction over Plaintiffs' claims because they failed to exhaust their administrative remedies before filing suit.

In opposition, Plaintiffs argue that six months have now passed since the filing of their administrative claims, without any response from HHS. Plaintiffs have proffered a proposed Amended Complaint seeking to cure the alleged jurisdictional defect relating to the six-month exhaustion period. *See* Court's Docket, Doc. No. 24, Ex. A. Plaintiffs contend that the liberal standard for amendment set forth in Federal Rule of Civil Procedure 15(a) and adhered to by the Ninth Circuit militates in favor of granting their request to amend. *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (noting that Rule 15 is "to be applied with extreme liberality"). Plaintiffs argue there is no evidence of undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)).

The government counters that a premature suit cannot be cured by amendment after the expiration of the six-month administrative review period. Following the Supreme Court's decision in *McNeil*, this court has dismissed complaints originally filed in state court against a federal agency for failure to commence the action after satisfaction of the administrative exhaustion requirement of § 2675(a). *See Soto v. United States*, No. CIV s-07-0066 FCD DAD, 2007 WL 2601411 at *3 (E.D. Cal., Sept. 6, 2007) (Damrell, J.); *Sparrow v. U.S. Postal Service*, 825 F. Supp. 252, 254 (E.D. Cal. 1993) (Wanger, J.). "Because § 2675(a) of the FTCA requires that an administrative claim be finalized by the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead plaintiff must file a new suit." *Sparrow*, 825 F. Supp. at 254. In *Sparrow*, the court reasoned that:

> The [Supreme] Court in *McNeil* declined to follow those Circuits which had established an exception to the exhaustion requirement, even though requiring the plaintiff to file a new complaint would likely result in his FTCA claim being barred by the six-month statute of limitations under 28 U.S.C. § 2401(b), as is likely to occur in this action. Even more compelling in *McNeil* was the fact, acknowledged by the Court,

6

that the plaintiff was proceeding without counsel and was unaware of the procedural requirements of the statute. The plaintiff in the present case is proceeding with counsel and, as the *McNeil* Court stated, "the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent."

*Sparrow,* 825 F.Supp. at 255 n.5 (quoting *McNeil*, 508 U.S. at 113, 113 S.Ct. at 1984). The Tenth Circuit has also held that a suit prior to exhaustion could not be cured by amendment[4] because it "would render the exhaustion requirement meaningless and impose unnecessary burden on the judicial system." *Duplan v. Harper*, 188 F.3d 1195, 1999 (10th Cir. 1999).

The government further contends that, although not raised by Plaintiffs, *Staple v. United States*, 740 F.2d 766 (9th Cir. 1984), does not save the complaint. In *Staple*, a pre-*McNeil* case, the plaintiff brought a state court tort action against a federal employee several months before filing an administrative claim, but the suit was not removed to federal court until well after the administrative agency denied her claim. *Id.* at 768. The Ninth Circuit reasoned that "the issue of federal court jurisdiction under § 2675(a) does not arise until after removal to district court, for only there does the action become one against the United States." *Id.* at 768. The Ninth Circuit therefore held that when the government removes a tort claim originally filed against a federal employee in state court, exhaustion of administrative remedies is determined at the time of removal. *Id.* However, the Ninth Circuit decided *Staple* prior to the Supreme Court's decision in *McNeil*, which required "strict adherence" to the procedural prerequisite that a plaintiff wait until he has exhausted his administrative remedies before filing suit against the United States. *McNeil*, 508 U.S. at 113, 113 S. Ct. at 1984 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497, 65 L. Ed.2d 532 (1980)). Other circuits have since rejected the Ninth Circuit's reasoning in *Staple*. The Fifth Circuit found that the "Ninth Circuit's holding exposed the United States to a claim that in no way complied with the prerequisites of the FTCA." *Houston v. U.S.*

---

[4] The *Duplan* Court ultimately found that the amended complaint filed in that case was properly construed by the district court as instituting a new action against the government because the government had agreed to this procedure. *See Duplan*, 188 F.3d at 1200.

7

*Postal Service*, 823 F.2d 896, 901 (5th Cir. 1987); *see also Jackson v. United States*, 789 F.Supp. 1109, 1111 (D. Colo. 1992) ("[T]he majority of circuits do not read § 2675 so simply. Rather, these cases hold that a plaintiff cannot avoid the procedural requirements of the FTCA merely by suing the individual federal employee rather than the United States.")

Even if *Staple* remains controlling law on the exhaustion issue in the Ninth Circuit, the case at bar is factually distinguishable. In declining to extend the § 2675(a) exhaustion requirement to a suit originally filed in state court, the Ninth Circuit relied on the fact that the case involved an accident with a federal driver and "[a] plaintiff may be unsure about pursuing her administrative remedy against the United States because she is uncertain whether the driver was acting within the scope of his employment." *Staple*, 740 F.2d at 768. Here, the June 6, 2011 letter to Plaintiffs' counsel from the HHS claims office advised Plaintiffs that their claims against defendants Golden Valley and its employee were subject to the § 2675(a) exhaustion requirement. *See* Court's Docket, Doc. No. 26-1, Ex. C. Thus, Plaintiffs were aware when they filed the instant suit in Stanislaus County Superior Court that the United States was a proper defendant and that § 2675(a) applied.

Because § 2675(a) requires that an administrative claim be finalized at the time the complaint is filed, this court lacks subject matter jurisdiction over the present action against the United States, which was filed before the administrative exhaustion period had expired. This jurisdictional defect cannot be cured by amendment, and instead Plaintiffs must file a new action.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The government's motion to dismiss plaintiffs' complaint as to the United States is GRANTED without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 2675(a);

2. Because the Court lacks subject matter jurisdiction, it expresses no opinion as to

Defendant Doctors Medical Center of Modesto's pending motion for leave to file a third party complaint. The hearing date of October 26, 2012 is therefore VACATED;

3. The Clerk shall REMAND this case to Stanislaus County Superior Court to permit plaintiffs to pursue their tort claims against the private defendants, Doctors Medical Center of Modesto, Modesto Advanced Imaging Center and Does 1 through 50.

IT IS SO ORDERED.

Dated:   October 10, 2012

CHIEF UNITED STATES DISTRICT JUDGE